UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBRA HYATT on her own behalf and on behalf of all similarly situated individuals,**

     **Plaintiff,**

  v.         CASE NO.:

**THE BROKEN YOLK, INC., d/b/a BROKEN YOLK CAFE a Florida Profit Corporation, and SCOTT HOWARD, individually, and JOANNE HOWARD, individually,**

     **Defendants.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DEBRA HYATT on her own behalf, and on behalf of all similarly situated individuals, by and through the undersigned attorney, and sues the Defendants, THE BROKEN YOLK, INC. d/b/a BROKEN YOLK CAFE and SCOTT HOWARD AND JOANNE HOWARD (collectively "Defendants") for failing to pay complete minimum wages and overtime for every hour worked over 40 in a work week, pursuant to 29 U.S.C. 216(b)( "FLSA).

## NATURE OF CASE

1. Defendant, The Broken Yolk, Inc. d/b/a Broken Yolk Cafe, (hereinafter "Broken Yolk") is a restaurant located in Holiday, Pasco County, Florida.

2. As part of its enterprise, Defendant Broken Yolk hires servers to serve customers as well as additional employees who are not employed in a service capacity.

3. Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendant Broken Yolk, and its owners, Scott Howard and Joanne Howard (collectively "Defendants").

4. Defendants violated the FLSA by failing to pay Plaintiff at least the full minimum wage for all hours worked pursuant to 29 U.S.C. 216(b) and 29 U.S.C. § 201, et al.

5. Defendants further violated the FLSA by failing to pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.

## PARTIES

6. Plaintiff was a server and cook and was employed by Defendant Broken Yolk for approximately 12 years.

7. Defendant Broken Yolk is a Florida for profit corporation which operates and conducts business in Pasco County, Florida and is therefore, within the jurisdiction of this Court.

8. Plaintiff brings this FLSA collective action individually and on behalf of others similarly situated, including present and former employees of Defendant Broken Yolk, to recover from Defendants unpaid minimum wage, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. Defendants Joanne Howard and Scott Howard (hereinafter "Defendants") are the Owners and Directors of The Broken Yolk Cafe, Inc. d/b/a Broken Yolk Cafe.

## JURISDICTION & VENUE

10. This action is brought under Federal law to recover from Defendants minimum wage, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

12. This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Pasco County, Florida.

## GENERAL FACTUAL ALLEGATIONS

13. Plaintiff worked for Broken Yolk Cafe at its 3350 Grand Blvd. Holiday, FL 34690 location.

14. Plaintiff was paid pursuant to a "tip credit" method where she was paid minimum wage minus the tip credit.

15. At all material times during her employment, Defendant Broken Yolk deducted a tip credit from Plaintiff.

16. At all material times during the last three years, Defendant Broken Yolk was an enterprise subject to the FLSA's provision on minimum wages.

17. At all material times during the last three years, Defendant Broken Yolk was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis.

19. Defendants' employees handled goods such as napkins, silverware, appliances, food items, and restaurant equipment which had traveled in interstate commerce on a daily basis.

20. At all material times during the last three years, Defendant Broken Yolk has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

21. Defendant Broken Yolk is a restaurant, providing food and drinks to the general public.

22. Defendants Scott and Joanne Howard controlled and/or were responsible for the work of Plaintiff.

23. Defendants Scott and Joanne Howard regularly supervised Plaintiff's daily activities.

24. Defendants Scott and Joanne Howard created and implemented the employer's policies and practices which violated the FLSA.

25. Defendants Scott and Joanne Howard knew the employer's policies and practices violated the FLSA, but continued enforcing such policies against Plaintiff and other employees.

26. Plaintiff did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendant Broken Yolk. In addition Plaintiff also worked in the kitchen.

27. Defendant Broken Yolk utilized the tip credit and paid Plaintiff under the applicable tipped minimum wage.

28. An employer may not claim a tip credit as to an employee's wages unless the employer has provided the employee with the provisions of the FLSA provisions of the tip credit.

29. Defendant Broken Yolk failed to provide employees with the provisions of the FLSA pertaining to the tip credit, and was therefore not permitted to take the tip credit.

30. Moreover, when an employer chooses to pay pursuant to a tip credit, the employees must be allowed to keep all of their tips, either individually or through a tip pool.

31. When employers take unlawful deductions from an employee's tips, the employer is not permitted to take the tip credit.

32. However, Defendant Broken Yolk had a practice of deducting monies from their employees' earned tips. Specifically, Defendant Joanne Howard, an owner, participated in the tip pool by keeping a portion of the tip for herself.

33. Additionally, Defendant's deducted cash shortages from the employee's tip pool.

34. As a result of these common policies, Plaintiff is entitled to receive the tip credit taken for each hour worked as repayment for the tip credit improperly deducted from her wages.

35. In addition, Defendants required plaintiff to perform non-tipped work. Specifically Defendants had Plaintiff work in the Kitchen in which plaintiff was compensated on a shift basis. For these hours, plaintiff received a flat rate, in cash. These hours worked in the kitchen were not reflected on Plaintiff's paycheck and were not considered as "hours worked" for purposes of calculating overtime compensation. Plaintiff regularly worked up to and exceeding 25 hours in the kitchen in-addition to the hours she was working as a server.

36. By Plaintiff's estimates, she routinely worked more than 55 hours or more in a work week. In many weeks, Plaintiff was not paid minimum wage for all the hours worked in violation of 29 U.S.C. §206.

37. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

38. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

39. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
(Failure To Pay Minimum Wages)

40. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 39 above as if stated fully herein.

41. At all relevant times, Defendant Broken Yolk has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

42. At all relevant times, Defendants employed Plaintiff.

43. Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA.

44. As stated above, Defendants have a policy and practice paying Plaintiff the reduced tip-credit minimum wage but not allowing Plaintiff to keep all of her tips.

45. Defendants unlawfully retained a portion of Plaintiff's tips.

46. Such a policy and practice violates the FLSA's minimum wage provisions.

47. Defendants' failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. §206.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

49. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

50. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

51. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

52. As a result of Defendants' reckless disregard of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid minimum wage and additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## COLLECTIVE ACTION, VIOLATION OF THE FLSA
**(Failure to Pay Minimum Wage)**

53. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 39 above as if stated fully herein.

54. At all times material, Defendants employed numerous individuals who were similarly situated to Plaintiff.

55. Throughout their respective employment, individuals similarly situated to Plaintiff were subject to Defendants' unlawful pay practices.

56. Specifically, Defendants took an unlawful "tip credit" from Plaintiff and those similarly situated to Plaintiff by taking unlawful deductions from tips, requiring tipped

employees to share tips with non-tipped employees and paying the tip minimum wage for non-tip work.

57. Defendants' failure to pay such similarly situated individuals the required minimum wage was in reckless disregard of the FLSA.

58. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

59. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid minimum wage and additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III
### RECOVERY OF OVERTIME COMPENSATION

60. Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-39 above.

61. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

62. During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

63. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per

work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

64. Defendant was able to avoid paying overtime by paying Plaintiff cash for the 25 hours of non-server work that she performed. Therefore this was not included in addition to the 30 hours that Plaintiff worked as a server. Defendant was able to keep Plaintiff under 40 hours a week by engaging in this deceptive practice.

65. Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

66. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

67. Defendants failed to post required FLSA informational listings as required by the FLSA.

68. Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

69. Defendants willfully violated the FLSA.

70. Plaintiff is entitled to liquidated damages.

71. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

### COUNT IV
### COLLECTIVE ACTION, VIOLATION OF THE FLSA
### (RECOVERY OF OVERTIME COMPENSATION)

72. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

73. At all times material, Defendants employed numerous other non-exempt employees who worked as restaurant servers and who worked a substantial number of hours in excess of forty (40) per week.

74. Throughout their employment, those employees were similarly situated to Plaintiff and were subject to the same unlawful pay practices.

75. Defendants failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

76. Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

77. As a direct and legal consequence of Defendants unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid overtime compensation, and additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 12th day of June, 2017.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

**/s/ *Marc R. Edelman***
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 North Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-257-0572
Email: MEdelman@forthepeople.com
*Attorney for Plaintiff*